UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MALLORY COMEAUX** and **JOHN PERRY COMEAUX**, individually and as surviving parents of **B.C.**, and together, on behalf of their surviving minor child, **B.C.**

**PLAINTIFFS**

CAUSE NO.: 1:2-cv57HSO-JCG

**VERSUS**

**DEFENDANTS**

**RANDAL WADE MOORE**
**ETI, INC.** and
**TALON CONTRACTING, LLC**
*****************************************************************************

# FIRST AMENDED COMPLAINT FOR DAMAGES

### Jury Trial Requested

**COMES NOW**, Plaintiffs, Mallory Comeaux, individually and as the surviving mother of B.C.; John Perry Comeaux, individually and as the surviving father of B.C.; and together on behalf of their surviving minor child, B.C. (collectively "**Plaintiffs**"), by and through counsel, and file this First Amended Complaint for Damages against Defendants, Randal Wade Moore ("**Moore**"), ETI, Inc. ("**ETI**") and Talon Contracting, LLC f/k/a Apollo Industries, LLC d/b/a Talon Electrical and Mechanical Group d/b/a Talon Electrical ("**Apollo**") (collectively "**Defendants**"), and would respectfully show the court the following facts, to-wit:

### Jurisdiction and Venue

1. The claims asserted herein arise under the common law of the State of Mississippi and Miss. Code Ann. § 11-7-13 (2018).

00885677-2

1

2.     This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Pearl River County, Mississippi, pursuant to 28 U.S.C. § 1391.

3.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332 as the matter arises between citizens of different States and the amount in controversy exceeds the total sum of $75,000, exclusive of interest and costs.

## Parties

4.     The Plaintiffs, Mallory Comeaux and John Perry Comeaux, are individuals of majority age, who are residents of and domiciled in Pearl River County, Mississippi.

5.     The Plaintiffs, Mallory and John Perry Comeaux, are the biological parents of their minor son, B.C., decedent. B.C. died in the manner alleged below on September 9, 2019, leaving as survivors those persons listed herein for whose benefit Plaintiffs are bringing this action.

6.     The Plaintiffs, Mallory and John Perry Comeaux, are also the biological parents of their surviving minor daughter, B.C., who is a resident of and domiciled in Pearl River County, Mississippi.

7.     Defendant, Randal Wade Moore ("**Moore**"), is an individual of majority age, who is a resident of and domiciled in the State of Louisiana and who may be served at his last known address of 401 Ormond Blvd, Destrehan, Louisiana 70040.

8.     Defendant, ETI, Inc. ("**ETI**") is a foreign corporation, incorporated in the State of Louisiana, headquartered in Orleans Parish in the State of Louisiana,

and who may be served through its registered agent for service: Beverly Moore, at 365 Canal Street, Suite 2425, New Orleans, Louisiana 70130.  ETI's only officer is Randal Moore who is a resident of and is domiciled in the State of Louisiana.

9.      Defendant, Talon Contracting, LLC f/k/a Apollo Industries, LLC d/b/a Talon Electrical and Mechanical Group d/b/a Talon Electrical ("**Apollo**") is a foreign limited liability company incorporated in Louisiana, headquartered in Jefferson Parish in the State of Louisiana, and who may be served through its registered agent for service: Brian Migliore, at 116 West Hoover Street, Destrehan, Louisiana 70047. On information and belief, Apollo's only members are Brian Migliore and Randal Moore, both of whom are residents of and are domiciled in the State of Louisiana.

**Facts**

10.     Plaintiff, Mallory Comeaux, is the mother of the deceased minor, B.C. ("**Decedent**").

11.     Plaintiff, John Perry Comeaux, is the father of the Decedent.

12.     Plaintiff, B.C., is the minor child of Mallory Comeaux and John Perry Comeaux and the biological sister of the Decedent.

13.     On or about September 9, 2019, Plaintiff, Mallory Comeaux, was driving a vehicle Northbound on Interstate 59 when suddenly and without warning a vehicle operated by Moore and owned by ETI was traveling in reverse on Northbound Interstate 59, occupying the same lane of travel, causing the collision sued upon herein.

14. Decedent and his sister, B.C., were passengers in the vehicle operated by their mother, Mallory Comeaux.

15. As a result of the collision, Mallory Comeaux and B.C. sustained personal injury and emotional and mental trauma.

16. As a result of the collision, Decedent suffered fatal injuries.

17. Moore was, at the time of the accident, operating a vehicle owned by ETI with permission of ETI.

18. Moore was, at the time of the accident, acting within the course and scope of his employment, was operating as an agent for, was performing services for the benefit of, was on a mission for, and/or was otherwise under the supervision, control, and/or direction of Apollo.

19. It was the duty of Moore to obey all traffic laws and rules of the road, to keep a safe distance, to maintain a reasonable lookout for other vehicles on the roadway, and to drive in a reasonably prudent and safe manner under the circumstances then existing.

20. Plaintiffs would show that Moore was negligent, negligent *per se*, and/or grossly negligent in causing this incident for one or more of the following reasons:

   a. Negligently and recklessly operating his vehicle in reverse in a lane of travel of the Interstate, without due care or regard for other motorists on the roadway;

b. Negligently and recklessly failing to keep his vehicle under proper management, operation, and control;

c. Negligently and recklessly failing to keep a proper lookout for other vehicles;

d. Negligently and recklessly failing to use reasonable care to maintain said vehicle under reasonable control to avoid causing the accident sued upon herein;

e. Negligently and recklessly failing to drive his vehicle as a prudent and reasonable person would to prevent an accident such as the one sued upon herein;

f. Operating a vehicle while under the influence of intoxicating liquor or other substance that impaired his ability to safely and prudently operate the motor vehicle;

g. Improper lane usage;

h. Failure to yield;

i. Careless operation;

j. Failure to see what he should have seen;

k. Failure to keep a good and careful lookout;

l. In violating the laws of the State of Mississippi, all of which are pled as if copied herein in extenso; and

  m. All other facts of negligent or reckless conduct which were the cause of the accident sued upon and which will be shown at trial of this matter.

21. ETI acted negligently in entrusting its vehicle to Moore, in that ETI knew or should have known that Moore would operate the vehicle in a grossly negligent, incompetent, or reckless manner.

22. Plaintiffs would show that ETI was negligent, negligent per se, and/or grossly negligent in causing this incident for one or more of the following reasons:

  a. Negligently and recklessly entrusting its vehicle to Moore;

  b. Failing to adequately train and/or supervise its employees or agents, including Moore;

  c. Negligently hiring and/or retaining its employees or agents, including Moore;

  d. Failure to maintain the vehicle in proper working order; and

  e. All other facts of negligent or reckless conduct which were the cause of the accident sued upon and which will be shown at trial of this matter.

23. Apollo acted negligently in failing to appropriately supervise or train Moore and/or as the principal or employer of Moore, for whose actions Apollo is vicariously liable under an agency relationship, employment relationship, the legal theory of *respondeat superior* or other governing law.

24. Plaintiffs would further show that Apollo was negligent, negligent per se, and/or grossly negligent in causing this accident for one or more of the following reasons:

    a. Failing to adequately train and/or supervise its employees or agents, including Moore;

    b. Negligently hiring and/or retaining its employees or agents, including Moore;

    c. Failure to maintain the vehicle in proper working order; and

    d. All other facts of negligent or reckless conduct which were the cause of the accident sued upon and which will be shown at trial of this matter.

25. Because of the negligence of Moore, which among other things constitutes an independent tort, Plaintiffs are entitled to recover damages from his employer, principal, or party otherwise responsible for his actions, Apollo and/or ETI.

26. At the time of the accident sued upon herein, Moore was a grossly negligent, incompetent, and reckless driver, in that he was operating the vehicle owned by ETI and while on a mission for Apollo in reverse on a travel lane of the Interstate and without proper lighting in the dark.

27. Moore was further a grossly negligent, incompetent, and reckless driver by operating a vehicle while under the influence of intoxicating substances.

28.  As a direct and proximate cause of Moore's negligence and/or gross negligence in operating the vehicle, ETI's negligence and/or gross negligence in entrusting its motor vehicle to Moore, and Apollo's negligence and/or gross negligence as the employer or principal of Moore, Plaintiffs have suffered the injuries, losses, and damages, including but not limited to the following:

    a.    Medical, funeral and/or burial expenses;

    b.    Mental pain and anguish;

    c.    Physical pain and suffering;

    d.    Loss of enjoyment of life;

    e.    Pecuniary loss, including property damages;

    f.    Grief and loss of love, support, care, comfort, affection, society, presence, companionship, protection, and consortium;

    g.    Any and all damages arising out of the wrongful death of Decedent;

    h.    Any and all damages arising from the physical, mental, and emotional damage sustained by Decedent;

    i.    Any and all damages arising from the physical, mental, and emotional damage sustained by Mallory Comeaux and B.C.;

    j.    Past and future loss of wages, earning capacity, and loss of services and support;

    k.    Attorneys fees allowed under the law;

    l.    Judicial interest, fees, and costs allowed by law; and

m. All other general and equitable relief.

### First Cause of Action: Wrongful Death

29. Plaintiffs reallege the foregoing Paragraphs of this Complaint as if fully set forth herein.

30. As a direct and proximate result of the negligent, reckless, and grossly negligent conduct of Defendants, Decedent suffered bodily injury and physical and mental pain and suffering that caused Decedent's death.

31. The injuries so inflicted on Decedent resulted in Decedent's death on September 14, 2019. Decedent was found unresponsive at the scene and was transported therefrom to the local hospital and thereafter airlifted to University Medical Center in New Orleans, Louisiana. Decedent survived Defendants' wrongful and reckless acts for several days.

32. Decedent was thirteen (13) years old at the time of his death. Decedent was in good health and physical condition, and was expected to grow into an able-bodied man, able to work and provide for himself for years to come.

33. As a direct and proximate result of the Decedent, Plaintiffs have been deprived of the Decedent's future love, support, care, comfort, affection, society, presence, companionship, protection, and consortium, and have thus suffered a pecuniary loss.

34. As a further direct and proximate result of the death of Decedent, Plaintiffs have incurred medical, pharmaceutical, funeral, and/or burial expenses for which the Defendants are responsible.

35. By reason of the above, Plaintiffs are entitled to recover damages from the Defendants in an amount within the jurisdictional limits of this Court, together with pre- and post-judgment interest.

### Second Cause of Action: Survival Action

36. Plaintiffs reallege the foregoing Paragraphs of this Complaint as if fully set forth herein.

37. Prior to the Decedent's death, Decedent incurred physical and mental pain and suffering, as well as medical and hospital expenses as a direct and proximate result of Defendants' wrongful acts or omissions described in this complaint.

38. By reason of the above, Plaintiffs are entitled to recover damages from the Defendants in an amount within the jurisdictional limits of this Court, together with pre- and post-judgment interest.

### Third Cause of Action: Bystander Liability

39. Plaintiffs reallege the foregoing Paragraphs of this Complaint as if fully set forth herein.

40. Plaintiff, Mallory Comeaux, and her children, B.C. and B.C. (Decedent), were occupants of the vehicle that was involved in the accident sued upon herein.

41. Plaintiff, Mallory Comeaux, and her daughter, B.C., observed the Decedent immediately after the accident in an unresponsive state and witnessed the efforts to revive and/or stabilize Decedent on the scene of the accident.

42. Plaintiffs, Mallory Comeaux, and her daughter, B.C., suffered severe anguish and mental and emotional trauma as a result of the injury to Decedent in the accident.

43. By reason of the above, Plaintiffs are entitled to recover damages from the Defendants for the emotional and mental trauma as bystanders to and witnesses of the debilitating injury to the Decedent prior to his untimely death, in an amount within the jurisdictional limits of this Court, together with pre and post-judgment interest.

### Fourth Cause of Action: Personal Injury

44. Plaintiffs reallege the foregoing Paragraphs of this Complaint as if fully set forth herein.

45. Plaintiff, Mallory Comeaux, would show specifically that she is entitled to damages for which there is provision under the Laws of the State of Mississippi, including but not limited to past, present, and future expenses for medical, hospital, pharmaceutical, counseling, mental health, and all other allied health services; past, present, and future lost wages; loss of wage earning capacity; past, present, and future pain and suffering; and past present, and future emotional distress; past, present, and future loss of enjoyment of life, together with all penalties and interest which may be applicable.

46. Plaintiffs, Mallory Comeaux and John Perry Comeaux, would show specifically that they are entitled to damages, on behalf of their minor child, B.C., for which there is provision under the Laws of the State of Mississippi, including

but not limited to past, present, and future expenses for medical, hospital, pharmaceutical, counseling, mental health, and all other allied health services; past, present, and future pain and suffering; and past present, and future emotional distress; past, present, and future loss of enjoyment of life, together with all penalties and interest which may be applicable.

47. By reason of the above, Plaintiffs are entitled to recover damages from the Defendants in an amount within the jurisdictional limits of this Court, together with pre- and post-judgment interest.

### Fifth Cause of Action: Property Damage

48. Plaintiffs reallege the foregoing Paragraphs of this Complaint as if fully set forth herein.

49. Plaintiffs have sustained the total loss of their vehicle involved in the accident sued upon herein.

50. Plaintiffs have further been required to pay the deductible on their automobile insurance policy for their property damage claim.

51. Plaintiffs have suffered inconvenience and loss of use of the vehicle pending the resolution of their property damage claims.

52. By reason of the above, Plaintiffs are entitled to recover damages from the Defendants in an amount within the jurisdictional limits of this Court, together with pre- and post-judgment interest.

**Sixth Cause of Action: Punitive Damages**

53. Plaintiffs reallege the foregoing Paragraphs of this Complaint as if fully set forth herein.

54. The aforementioned action and inaction of the Defendants constitutes conduct that is grossly negligent and inexcusable, so as to amount to a willful, wanton, and/or reckless disregard for the rights and safety of the Plaintiffs.

55. Because of the gross negligence of Defendants, which among other things constitutes an independent tort, Plaintiffs are entitled to recover punitive or exemplary damages against said Defendants to deter future willful and reckless conduct in the future.

56. Plaintiffs avail themselves of all benefits and privileges allowed under the laws of the State of Mississippi and/or the State of Louisiana to seek punitive or exemplary damages against Defendants herein.

57. By reason of the above, Plaintiffs are entitled to recover damages from the Defendants in an amount within the jurisdictional limits of this Court, together with pre- and post-judgment interest.

58. Plaintiffs would show that the above injuries, damages, and losses are a direct and proximate result of the negligent and/or grossly negligent acts of Defendants, for which the Plaintiffs are entitled to compensatory, hedonic, and punitive damages.

59. Plaintiffs demand a trial by jury on all issues.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs demand judgment as follows:

That the Defendants be served with a copy of this First Amended Complaint, and after being duly cited to appear and answer hereto, and after the expiration of all legal delays and due proceedings are had, that there be judgment rendered herein in favor of Plaintiffs, and against the Defendants as alleged, awarding damages together with pre and post judgment interest, and for all costs of these proceedings including expert witness fees to be taxed as costs of court, attorney's fees and expenses and for all legal and equitable relief this honorable court shall deem appropriate. Further, a Trial Jury is requested on all issues raised herein.

Respectfully submitted, this the 5th day of August, 2020.

      **Mallory Comeaux and John Perry Comeaux, Plaintiffs**

By:   */s/ Megan S. Peterson*
      Charles E. Riley, IV (MSB# 102024)
      Megan S. Peterson (MSB# 105044)
      SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
      1100 Poydras Street, 30th Floor
      New Orleans, Louisiana 70163
      Telephone:  (504) 569-2030
      Facsimile:  (504) 569-2999
      E-Mail:  charlesr@spsr-law.com
          meganp@spsr-law.com

**PLEASE ISSUE SUMMONS AS FOLLOWS:**

Talon Contracting, LLC f/k/a Apollo Industries, LLC
d/b/a Talon Electrical and Mechanical Group d/b/a
Talon Electrical
Through its agent for service of process
Brian Migliore
116 West Hoover Street
Destrehan, Louisiana 70047

## Certificate of Service

I hereby certify that on August 5th, 2020 I electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of such filing to the following:

Randal Moore and ETI, Inc.,
Through their counsel of record:

Donald C. Dornan, Jr.
Stephanie G. Beaver
DORNAN LAW OFFICE, PLLC
P. O. Box 117
Gulfport, MS 39502
Phone: 228-575-9882
Fax: 228-374-2250
Email: ddornan@dornan-law.com

                                                                      s/ *Megan S. Peterson*