UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MALLORY COMEAUX and JOHN PERRY COMEAUX, individually and as surviving parents of B.C., and together, on behalf of their surviving minor child, B.C.**   PLAINTIFFS

**VERSUS**   CIVIL ACTION: 1:20-CV-57-HSO-JCG

**RANDALL WADE MOORE and ETI, INC.**   DEFENDANTS

**RANDALL W. MOORE'S ANSWER AND DEFENSES TO AMENDED COMPLAINT**

COMES NOW, Randall Wade Moore (Moore), through undersigned counsel, and separately answers the Amended Complaint exhibited against him as follows, to-wit:

**FIRST DEFENSE**

The Amended Complaint fails to state a claim against this Defendant, upon which relief can be granted.

**SECOND DEFENSE**

This Defendant violated no duty owed to the Plaintiffs which was a proximate cause of the alleged injuries and damages.

**THIRD DEFENSE**

Moore answers the numbered paragraphs of the Complaint as follows:

**JURISDICTION AND VENUE**

1.

The allegations of Paragraph 1 are admitted.

2.

The allegations of Paragraph 2 are admitted.

3.

The allegations of Paragraph 3 are admitted.

## **PARTIES**

4.

The allegations of Paragraph 4 are admitted.

5.

The allegations of Paragraph 5 are admitted. .

6.

The allegations of Paragraph 6 are admitted.

7.

The allegations of Paragraph 7 are admitted.

8.

The allegations of Paragraph 8 are admitted.

9.

The allegations of Paragraph 9 are admitted.

## **FACTS**

10.

The allegations of Paragraph 10 are admitted

11.

The allegations of Paragraph 11 are admitted.

12.

The allegations of Paragraph 12 are admitted.

13.

The allegations of Paragraph 13 are denied.

14.

The allegations of Paragraph 14 are admitted.

15.

Moore is without sufficient information to either admit or deny the allegations of Paragraph 15. Therefore, they are denied.

16.

The allegations of Paragraph 16 are admitted.

17.

Moore admits that ETI, Inc. owned the vehicle operated by him at the time of the accident and that he was operating it with the permission of ETI, Inc. The remaining allegations of Paragraph 17 are denied.

18.

The allegations of Paragraph 18 denied.

19.

The allegations of Paragraph 19 are admitted.

20.

The allegations of Paragraph 20 and its subparts (a-m) are denied.

21.

The allegations of Paragraph 21 are denied.

22.

The allegations of Paragraph 22 and its subparts (a-e) are not directed at this Defendant. Therefore, they are denied.

23.

The allegations of Paragraph 23 are denied.

24.

The allegations of Paragraph 24 and its subparts (a-d) are denied.

25.

The allegations of Paragraph 25 are denied.

26.

The allegations of Paragraph 26 are denied.

27.

The allegations of Paragraph 27 are denied.

28.

The allegations of Paragraph 28 and its subparts (a-m) are denied.

## FIRST CAUSE OF ACTION: WRONGFUL DEATH

29.

The allegations of Paragraph 29 are denied.

30.

Except to admit that the Decedent's death, the remaining allegations of Paragraph 30 are denied.

31.

Except to admit that the Decedent died on September 14, 2019, the remaining allegations of Paragraph 31 are denied.

32.

Except to admit that the Decedent was thirteen (13) years old at the time of his death, this Defendant is without sufficient information to either admit or deny remaining allegations of Paragraph 32. Therefore, they are denied.

33.

The allegations of Paragraph 33 are denied.

34.

The allegations of Paragraph 34 are denied.

35.

The allegations of Paragraph 35 are denied.

**SECOND CAUSE OF ACTION: SURVIVAL ACTION**

36.

The allegations of Paragraph 36 are denied.

37.

The allegations of Paragraph 37 are denied.

38.

The allegations of Paragraph 38 are denied.

### **THIRD CAUSE OF ACTION : BYSTANDER LIABILITY**

39.

The allegations for Paragraph 39 are denied.

40.

The allegations of Paragraph 40 are admitted.

41.

The allegations of Paragraph 41 are admitted on information and belief.

42.

The allegations of Paragraph 42 are denied.

43.

The allegations of Paragraph 43 are denied.

### **FOURTH CAUSE OF ACTION: PERSONAL INJURY**

44.

The allegations of Paragraph 44 are denied.

45.

The allegations of Paragraph 45 are denied.

46.

The allegations of Paragraph 46 are denied.

47.

The allegations of Paragraph 47 are denied.

## **FIFTH CAUSE OF ACTION: PROPERTY DAMAGE**

48.

The allegations of Paragraph 48 are denied.

49.

The allegations of Paragraph 49 are denied.

50.

The allegations of Paragraph 50 are denied.

51.

The allegations of Paragraph 51 are denied.

52.

The allegations of Paragraph 52 are denied.

## **SIXTH CAUSE OF ACTION: PUNITIVE DAMAGES**

53.

The allegations of Paragraph 53 are denied.

54.

The allegations of Paragraph 54 are denied.

55.

The allegations of Paragraph 55 are denied.

56.

The allegations of Paragraph 56 are denied.

57.

The allegations of Paragraph 57 are denied.

58.

The allegations of Paragraph 58 are denied.

59.

The allegations of Paragraph 59 are denied.

60.

The allegations of the final unnumbered paragraph beginning with "WHEREFORE" are denied.

## FOURTH DEFENSE

Moore would affirmatively show that at the time of the accident, he was not operating ETI, Inc.'s vehicle for employment purposes or for any purpose other than his personal use. Accordingly, any negligence of Moore, which is denied, may not be legally imputed to ETI, Inc. under the doctrine of *respondeat superior* or any other principle of law.

## FIFTH DEFENSE

At all times, Moore exercised reasonable care in the operation of his vehicle, including maintaining a proper lookout and keeping the vehicle under proper control. At all times, Moore's actions met or exceeded the requirements of applicable laws for the operation of his vehicle.

## SIXTH DEFENSE

Moore would affirmatively show that the Amended Complaint fails to state a claim against him for bystander liability under Mississippi law.

**SEVENTH DEFENSE**

To the extent Plaintiffs' damages, if any, are due to the acts or omissions of third parties for whom Moore is not responsible, any recovery should be apportioned pursuant to Miss. Code Ann. § 85-5-7.

**EIGHTH DEFENSE**

Moore would affirmatively show that the proximate cause or a contributing proximate cause of the accident sued upon was the negligence of Mallory Comeaux in the operation of her motor vehicle at the time and place complained of. Where legally and factually appropriate, Moore affirmatively pleads the doctrine of comparative negligence in reduction of any damages to which the Plaintiffs may be entitled.

**NINTH DEFENSE**

If it is determined that the Plaintiffs have made any form of recovery by way of judgment, settlement or otherwise, for all or part of their alleged damages, then Moore is entitled to a set off and/or reduction of any judgment against it by the amount of any such settlement.

**TENTH DEFENSE**

The surviving Plaintiffs have a duty to mitigate their alleged damages. To the extent the surviving Plaintiffs have failed to mitigate their damages, there can be no recovery for the damages which could have been mitigated by reasonable actions on the part of the Plaintiffs.

**ELEVENTH DEFENSE**

This Defendant would show that the Amended Complaint fails to state a claim upon which punitive damages may be awarded to the Plaintiffs.

## TWELFTH DEFENSE

Moore denies that he has been guilty of any conduct which could entitle Plaintiffs to an award of punitive damages.

## THIRTEENTH DEFENSE

Any award of punitive damages to the Plaintiffs in this case would violate the procedural safeguards provided under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently it is entitled to the same procedural safeguards afforded to criminal defendants.

## FOURTEENTH DEFENSE

Any award of punitive damages to the Plaintiffs in this case would violate the constitutional safeguards provided under the Constitution of the State of Mississippi.

## FIFTEENTH DEFENSE

Plaintiffs's claims for punitive damage violate Article 1, and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States on the following grounds:

A. It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United State Constitution to impose punitive damages, which are penal in nature, against civil defendants upon the Plaintiffs satisfying a burden of proof which is less than a "beyond a reasonable doubt" burden of proof required in criminal cases;

B. The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants

for different alleged acts of wrongdoing, which infringes upon the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution;

C. The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendants, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution;

D. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution;

E. The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the equal protection clause of the Fourteenth Amended of the United States Constitution;

F. The procedure pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the due process clause of the Fifth and Fourteenth Amendments and the equal protection clause of the Fourteenth Amended of the United States Constitution;

G. The procedure pursuant to which punitive damages are awarded violate the dormant provisions of the commerce clause of the United States

Constitution, Article I, Section 8, Non-resident defendants are assessed punitive damages by Mississippi courts on a disparate and unequal basis in violation of the commerce clause, and the dormant provisions related thereto, of the United States Constitution.

### SIXTEENTH DEFENSE

The award of punitive damages to the Plaintiffs in this action would constitute a deprivation of property without due process of law as required under the Fifth and Fourteenth Amendments to the United States Constitution.

### SEVENTEENTH DEFENSE

An award of punitive damages against the Defendant in this action would violate the Due Process Clause of the United States Constitution, in accordance with the decisions of the United States Supreme Courts in *BMW v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 LEd.2d 809 (1996) and *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 121 S.Ct. 1678, 532 U.S. 424 (2001) and *State Farm Mutual Automobile Insurance Company v. Campbell*, 538 US 408, 123 S.Ct. 1513 (2003), on the following grounds:

A.  It is a violation of this Defendant's rights to due process to impose punitive damages to deter future misconduct where less drastic remedies would be achieve this goal;

B.  It is a violation of due process to subject this Defendant to punitive damages without providing it fair notice of the conduct that will subject it to the punishment and the severity of the penalty that may be imposed;

  C.  It is a violation of due process to punish the Defendant with the intent of changing lawful conduct in other states; and

  D.  It is a violation of the Defendant's rights to due process to impose punitive damages which are grossly excessive.

AND NOW, having fully answered the Amended Complaint in so far as he is advised is necessary, Randal W. Moore denies that the Plaintiffs are entitled to any measure of relief against him, and demands to be dismissed with an award of costs and attorney's fees.

This the 18th day of August, 2020.

            Respectfully submitted,

            **RANDALL WADE MOORE**

         BY: */s/Donald C. Dornan, Jr.*
            DONALD C. DORNAN, JR.

DONALD C. DORNAN, JR. (MS BAR No. 6161)
Stephanie G. Beaver (MS BAR No. 100237)
Dornan Law Office, PLLC
P.O. Box 117
Gulfport, MS 39502
(228) 575-9882
(228) 374 -2250 Fax
Attorneys for Randall W. Moore

**CERTIFICATE OF SERVICE**

I, DONALD C. DORNAN, JR, attorney for the Defendant, Randall W. Moore, do hereby certify that I have this date electronically filed the above going pleading with electronic notification to all counsel as follows:

Charles E. Riley, IV, Esquire
Megan S. Peterson, Esquire
Simon, Peragine, Smith & Redfearn, LLP
1100 Poydras Street, 30th Floor
New Orleans, LA 70163

This the 18th day of August, 2020.

*/s/Donald C. Dornan, Jr.*
DONALD C. DORNAN, JR.